**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 08-23103-Civ-TORRES

EDILBERTO GARCIA and all others
similarly situated,

       Plaintiff,

vs.

MASON CONTRACT PRODUCTS, LLC,

       Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, TO STAY AND COMPEL ARBITRATION**

       This matter is before the Court upon Defendant's Motion and Memorandum of Law to Dismiss the Complaint or, in the Alternative, to Stay and Compel Arbitration ("Motion") [D.E. 6], filed January 27, 2009, Plaintiff's Response in Opposition ("Response") [D.E. 10], filed February 9, 2009, Defendant's Reply in Further Support of its Motion ("Reply") [D.E. 11], filed February 13, 2009, Plaintiff's Response to Court Order D.E. 16 [D.E. 17], filed April 21, 2009, Defendant's Opposition to Plaintiff's Response [D.E. 18], filed April 22, 2009, and Plaintiff's Reply to Defendant's Opposition [D.E. 19], filed April 27, 2009.  After careful consideration of the motion, responses, replies, relevant authority, and being otherwise fully advised in the premises, Defendant's Motion to Stay and Compel Arbitration is Denied on this limited record.

## I.  BACKGROUND

Plaintiff, Edilberto Garcia ("Garcia") was a commercial drape hanger while he worked for the Defendant, Mason Contract Products, LLC ("Mason"), from 2006-2008. It is undisputed that at the beginning of his employment Garcia entered into a written employment agreement with Mason. However, neither Garcia or Mason can locate the original employment contract.

On November 6, 2008, Garcia filed this action against Mason to recover overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1). Mason contends, however, that the parties agreed to arbitrate employment disputes per an arbitration provision found in the employment agreement. As a result, the Defendant filed this Motion to Stay Proceedings and Compel Arbitration and attached to it a document that included the terms and conditions purportedly agreed upon between the two parties, as well as an affidavit from its president affirming the validity of the document. [D.E. 6].

Garcia, on the other hand, denied to the best of his recollection that the arbitration provision was found in the original employment agreement. [D.E. 10-2]. Moreover, he unequivocally denied the existence of specific terms of the agreement the Defendant contends were part of the original contract. *Id.*

## II.  ANALYSIS

### A.  *Legal Standard and Governing FAA Principles*

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 (2007), governs the validity of arbitration agreements and "embodies a liberal federal policy favoring arbitration

agreements." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005). Its purpose was "to relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that is speedier and less costly than litigation." *Id.* (citing *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1440 (11th Cir. 1998)).

Further, "because it is well established that 'parties cannot be forced to submit to arbitration if they have not agreed to do so,' a district court, rather than a panel of arbitrators must decide whether a challenged agreement to arbitrate is enforceable against the parties in question." *Magnolia Capital Advisors Inc., v. Bear Stearns & Co.*, 2008 WL 879973 at *3 (11th Cir. Apr. 3, 2008) (citing *Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 854 (11th Cir. 1992)). If the district court finds the validity of the agreement to arbitrate at issue, "the Federal Arbitration Act (FAA) requires the district court to 'proceed summarily to the trial thereof' and if the objecting party has not requested a jury trial, 'the court shall hear and determine such issue.'" *Magnolia*, 2008 WL 879973 at *3 (citing 9 U.S.C. § 4 (2007)). "Only where there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement." *Id.* at *3.

To establish a genuine issue entitling the plaintiff to a trial, the plaintiff must unequivocally deny the arbitration agreement in question and produce evidence to substantiate the denial. *Wheat First Sec., Inc., v. Green*, 993 F.2d 814, 817 (11th Cir. 1993); *Chastain*, 957 F.2d at 854; *T & R Enter., Inc., v. Continental Grain Co.*, 613 F.2d 1272, 1278 (5th Cir. 1980); *Almacenes Fernandez, S.A., v. Golodetz*, 148 F.2d 625, 628

(2nd Cir. 1945); *Rampersad v. Primeco Personal Communications*, 2001 WL 34872572 at *1 (S.D. Fla. Oct. 16, 2001); *James v. The Community Phone Book, Inc.,* 2008 WL 2741841 at *5 (M.D. Fla. July 11, 2008).

Further, the party resisting arbitration must "make the denial colorable." *Magnolia*, 2008 WL 879973 at *3 (citing *Wheat,* 993 F.2d at 819*).* This can be achieved by supporting affidavits, which in most cases "would be sufficient to require a jury determination of whether there had in fact been a meeting of the minds", or by producing other material evidencing the lack of an arbitration agreement. *Par-Knit Mills, Inc., v. Stockbridge Fabrics Co.*, 636 F.2d 51, 55 (3rd Cir. 1980); *Rampersad*, 2001 WL 34872572 at *1.

Nonetheless, a federal court may only adjudicate an issue "relating to the making and performance of the agreement to arbitrate" because the language of the FAA does not permit the court to consider claims directed toward the formation and enforceability of contracts generally. *Wheat*, 993 F.2d at 818 (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 403-04 (1967)).

### B. *Plaintiff's Burden to Raise a Genuine Issue*

We hold that the facts here are sufficient to put "the making of the arbitration agreement . . . in issue." 9 U.S.C. § 4 (2007). It is undisputed that Garcia entered into an employment contract with Mason. Nevertheless, while the defendants are unable to locate the fully executed employment agreement, under the FAA proof of a signature is not mandated where "all that is required is that the arbitration provision be in writing." *Caley v. Gulfstream Aerospace Corp.,* 428 F.3d 1359, 1369 (11th Cir. 2005) (no

signature is needed to satisfy the FAA's written agreement requirement) (citing *Medical Dev. Corp. v. Indus. Molding Corp.*, 479 F.2d 345, 348 (10th Cir. 1973)); *see also Durkin v. Cigna Prop. & Casualty Corp.*, 942 F. Supp. 481, 487 (D. Kan. 1996) ("the requirement of a writing is intended to permit enforcement of arbitration agreements only in the face of competent evidence of the agreement's existence and scope"). Here, Mason has attached to its motion the terms and conditions of plaintiff's alleged employment agreement, including the arbitration provision. [D.E. 6-2]. However, what remains at issue is whether the arbitration provision was a part of the original employment agreement.

While Mason also attached an affidavit from its president, Leonard Horowitz, attesting that the terms and conditions of the attached document are those present in the Plaintiff's original employment agreement, Plaintiff has still denied entering into the terms and conditions presented by Mason. [D.E. 6-2, 10-2]. For example, in his affidavit, the Plaintiff states in relevant part:

> 4.   I can state with absolute certainty that this is not an accurate copy of the contract entered into between myself and Defendants. The contract entered into between the parties specifically stated that the contract was entered into between Edilberto Garcia and Mason Contract Products and not Mason Medical Products. The following are several other provisions contained in exhibit "A" I can state with absolute certainty were not in the contract entered into between the parties:
> a.   The contract did not list my address at 500 Red Rock Street, #172, Las Vegas, Nevada, 89119-1278.
> b.   The contract stated my position of that of lead installer and not the content contained in paragraph 1.2.
> c.   The contract did not state that my salary was $60,000 per year as stated in paragraph 2.1.
> d.   The signature block contained on page six stated Mason Contract Products and not MRC, Inc. D/B/S Mason Medical Products.

>   5.   To the best of my recollection, the following provisions were not contained in the agreement entered into between the parties: . . .
>   c.   6.6 which contains the dispute resolution provision requiring the parties to arbitrate all disputes arising out of, or relating to this agreement.

[D.E. 10-2].

The Defendant claims in its Reply [D.E. 11] that, by denying the existence of these contractual provisions, Plaintiff is only pointing out immaterial differences between the original employment agreement and the document presented to cast doubt on the arbitration agreement. Indeed, "the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." *Chastain*, 957 F.2d at 854 (citing *Mitsubishi Motors Corp., v. Soler Chrysler-Plymouth Inc.,* 473 U.S. 614, 626 (1985)); *see also*, *Sanders v. Comcast Cable Holdings, LLC,* 2008 WL 150479 at *3 (M.D. Fla. Jan. 14, 2008). But though the Defendant claims that these "alleged immaterial differences" are not enough to supplant the Plaintiff's failure to unequivocally deny the existence of the arbitration agreement, "a court should not order arbitration unless it is 'satisfied that the making of the agreement for arbitration . . . is not in issue.'" *Par-Knit*, 636 F.2d at 54 (citing 9 U.S.C. § 1 (1999)).[1]

We find to be very persuasive the Middle District's decision in *Schoendorf v. Toyota of Orlando*, 2009 WL 1075991 (M.D. Fla. April 21, 2009). In that case, to raise

---

[1] This standard is the standard used by district courts in resolving summary judgment motions pursuant to Fed. R. Civ. P. 56(c). See *Gonzalez v. Lee County Hous. Auth.*, 161 F.3d 1290, 1294 (11th. Cir. 1998). "Application of that standard to the issue presented herein is appropriate inasmuch as the district court's order to arbitrate is in effect a summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate." *Par-Knit*, 636 F.2d at 54.

a genuine issue concerning the validity of the arbitration agreement, the plaintiff attached a signed and sworn affidavit stating that she had no recollection of ever seeing the arbitration agreement the defendant alleged she signed. *Id.* at *4. The court held that she had satisfied her burden because she "somewhat qualified her statement that she did not recall seeing the arbitration agreement" by providing evidentiary support explaining why she would not have signed the agreement if presented to her. *Id.* at *6.

Here, similarly, the Plaintiff states in his affidavit that to the best of his recollection a dispute resolution provision was not in the employment agreement to which he agreed. However, he unequivocally denied that the document presented was an accurate copy of the terms and conditions in the original contract where the address, position, salary, and signature block proffered differed from those in the original agreement. This contention not only calls into question the veracity of the Defendant's claim and Horowitz's affidavit, but it also raises creates an issue regarding what terms and conditions were actually included in the signed document, including the disputed arbitration provision. As such, similar to the plaintiff in *Schoendorf*, the Plaintiff here has qualified his statement that he did not recall seeing the arbitration agreement by providing evidentiary support that creates a genuine issue over what terms and conditions were originally agreed upon between the parties.

Based on this evidence, the Plaintiff has met his threshold burden to raise a genuine issue that there was no valid agreement to arbitrate. He stated unequivocally that the document presented was not an accurate copy of those terms and conditions he originally assented to and provided evidentiary support for his claim. A trial will be

required, under 9 U.S.C. § 4, to resolve this factual conflict.  The Court cannot do so on this limited record as a matter of law.

### *III.   CONCLUSION*

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** that Defendant, Mason Contract Products, LLC , Motion and Memorandum of Law to Dismiss the Complaint or, in the Alternative, to Stay and Compel Arbitration [D.E. 6] is **DENIED.**  Pursuant to 9 U.S.C. § 4, this court shall schedule a trial on the issue of whether or not Garcia is bound by the arbitration provision alleged to be in the original employment agreement.  The Court shall hear and determine the issue at a bench trial because the Plaintiff has apparently failed to timely demand a jury trial on the issue pursuant to Fed. R. Civ. P. 38(b) and 9 U.S.C. § 4 (2007).  But if the parties agree on a jury trial, or if Plaintiff can show a legal basis to demand one on this record, the Court can schedule an expedited jury trial if necessary.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of June, 2009.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge