UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-23103-CIV-TORRES

EDILBERTO GARCIA and all others
similarly situated under 29 USC 216(B),

   Plaintiff,

vs.

MASON CONTRACT PRODUCTS, LLC,

   Defendant.
_____/

## ORDER GRANTING MOTION TO REOPEN CASE

  This matter is for some inexplicable reason back before the Court after having a bench trial under 9 U.S.C. § 4, after the Court' Findings of Fact and Conclusions of Law were prepared, and after the Court dismissed the case in favor of contractually-required arbitration.  The pending motion to reopen the case [D.E. 71] was filed after the Defendant persistently refused to timely pay its share of the arbitrator's fee, which resulted in the arbitrator dismissing the proceedings.  Not surprisingly, Plaintiff quickly proceeded back to this Court to reopen the case alleging that Defendant defaulted/waived its contractual right to proceed with arbitration.

  Defendant, also not surprisingly, opposes the motion arguing that it tried to cure its default on payment to the arbitrator, that Plaintiff is the one who is preventing them from curing, and that Defendant is still ready, willing and able to proceed with

arbitration but likely before a different arbitrator or utilizing a different but comparable arbitration procedure.

The Court is frankly disappointed to have to deal with this case again after having dealt extensively with the parties and the issues they raised. Even though Defendant carried the day in those earlier proceedings by the skin of its teeth in convincing the Court to enforce an arbitration agreement that was encumbered with a material scrivener's error, and an agreement that was not even found until the first day of trial scheduled under § 4 of the FAA, Defendant was so overwhelmed with excitement over its procedural victory that it forgot the most elementary and basic of tasks necessary to carry out that arbitration that it fought for – paying the arbitrator's fee. Now the arbitrator that the parties contractually agreed upon in the employment agreement in question refuses to open the case without the Plaintiff's consent. And the Plaintiff does not consent, most likely because he never wanted to arbitrate this case in the first place.

Faced with this record, the Court could simply scoff at the problem, deny the motion, and force the Plaintiff to try again to get the Defendant to abide by its contractual responsibilities. But the question that must first be answered is why? Why under these circumstances, when the Plaintiff claims that he has a statutory right to seek relief under the laws of the United States, would a federal court turn him aside *again* in favor of arbitration when the party who demanded that arbitration in the first place so cavalierly ignored Plaintiff's right to speedy resolution of statutory claims when the Court's eyes looked elsewhere? To ask the question is to answer it.

The right answer, then, is to grant this motion. The statute that governs this dispute squarely addresses it. The Federal Arbitration Act provides, at 9 U.S.C. § 3, that a court faced with a dispute that is referable to arbitration under contractual agreement shall stay the proceedings in favor of arbitration "provid[ed that] the applicant for the stay is not in default in proceeding with such arbitration." The record here shows that Defendant is now in default. Plaintiff could absolve the Defendant of that default but chooses not to. Therefore, the FAA no longer compels us to dismiss or stay this case for arbitration. And we choose not to.

Fortunately for us who try to earnestly resolve these issues, there are very few cases like this one. Usually, a party that succeeds in terminating litigation based upon an arbitration agreement is careful to preserve its right to arbitrate by timely paying the fees required by the arbitration process, by not litigating elsewhere, and by faithfully abiding by the supposedly "speedy" and "summary" procedures afforded to the parties at arbitration. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 29 (1983).[1]

It is thus not surprising that very few cases have been identified by the parties or the Court where circumstances like these have occurred. In most of those cases reviewing courts have deemed the failure to comply with basic requirements for arbitration, principally the failure to pay the fees required, as a default under § 3 of the

---

[1] The irony, of course, is that these supposed benefits of arbitration versus litigation are utterly lost in a case, such as this, filed in November 2008 that *still* has not gotten off the ground *because of* disputes over arbitration. We note as well that most FLSA cases filed in our Court are resolved routinely within nine months. But we digress.

FAA. The leading appellate case is the Ninth Circuit case cited by Plaintiff, *Sink v. Aden Enterprises, Inc.,* 352 F.3d 1197 (9th Cir. 2003). There, a similar situation occurred involving an arbitration provision in an employment agreement. The provision required the employer to front all of the costs of the arbitration. The employee initially brought suit in the District Court Oregon alleging that the employer breached the employment agreement by failing to make the required payments and stock options to the employee. The employer moved to stay the action and compel arbitration, which was granted.

Once the arbitration process began, the the employer defaulted in making the required arbitration payments. Unlike the facts here, the arbitrator in that case agreed to enter a default against the employer. (In our case, the arbitrator – the AAA – simply closed the case). The employee in *Sink* thereafter moved in the district court to lift the stay and to enter a default judgment based on the arbitrator's order of default. The employer opposed and advised the district court that it now had the funds to pay for the arbitration and requested that the action be referred back to arbitration. The district court denied the motion finding that the employer had defaulted in the arbitration proceeding and had waived its right to arbitrate. *Id.* at 1199. The district court reasoned that denying the employer's application to once again compel arbitration comported with the provisions of the Federal Arbitration Act and that the employer's reading would "allow a party refusing to cooperate with arbitration to indefinitely postpone litigation ... [with] the sole remedy available to a party prejudiced by a default ... a court order compelling a return to arbitration." *Id.* at 1201.

The Ninth Circuit affirmed because:

> Alden's [Employer's] failure to pay the required costs of the arbitration was a material breach of its obligations in connection with the arbitration. Alden had a fair chance to proceed with arbitration, but Alden scuttled that prospect by its non-payment of costs, impeding the arbitration to the point where the arbitrator cancelled the arbitration and declared Alden in default. In these circumstances, we hold that § 4 of the FAA does not compel a district court to return the parties once more to arbitration.

*Id.*

Plaintiff correctly relies on *Sink* to argue that the default here was of a similar nature. By failing to timely pay its share of the arbitration fee, Defendant materially breached its obligations, thereby "scuttling" that opportunity. We agree with the Ninth Circuit that the FAA under these circumstances does not require a district court to return the parties once more to arbitration, whether under sections 3 or 4 of the FAA.

The distinction here, of course, is that to some extent the facts were stronger in *Sink* justifying that end result because the arbitrator took an affirmative action – entering a default – upon the non-payment of the arbitration fee. The Court then simply enforced the arbitrator's judgment and closed the case. Here, on the other hand, the AAA simply closed its case and refused to reopen the case even after Defendant tried to cure its default several days later. The AAA then advised the parties that it would reopen the case but only upon all parties' consent, which consent was never received. We cannot simply enforce the arbitrator's default judgment because there is none; we would have to reopen the case or compel arbitration once again.

On these facts, one could argue that the FAA provides the Court with authority to compel Plaintiff's consent to reopen the AAA arbitration. The problem with that, however, is that nothing in section 3, which is the only operative section that relates to this dispute, provides for such authority. If it did, why would it not also authorize a court like the one in *Sink* to compel the plaintiff/employee to front the costs of the arbitration and add that cost to the ultimate judgment the arbitrator determined? Nothing in the statute requires such an exercise of affirmative power to temporarily disadvantage one party simply because the other party to the arbitration is defaulting on its obligations.

To the contrary, the existing language of section 3 points in precisely the opposite direction. Federal law favors the enforcement of arbitration agreements, and allows for a stay of federal court proceedings, but only if the party seeking arbitration has not itself "defaulted." The plain language of this statute, like all other statutes that are similarly clear and unambiguous, governs. We cannot change it simply to benefit our docket by closing this case or to benefit the Defendant by forcing the Plaintiff, once again, to jump through additional hoops to obtain relief.

We are mindful, as well, that the federal interest here is not arbitration per se. Instead, as Justice Rehnquist explained in the Court's opinion in *Volt,* "there is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.,* 489 U.S. 468, 475 (1989). As a result, "§ 4 of the FAA does not

confer a right to compel arbitration of any dispute at any time; it confers only the right to obtain an order directing that 'arbitration proceed *in the manner provided for in [the parties'] agreement.*' 9 U.S.C. § 4." *Id.* at 474-75 (emphasis in original).

Applying that interest here, the parties' arbitration agreement provided explicitly for "binding arbitration in New York, New York in accordance with the arbitration rules of American Arbitration Association applicable to employment arbitration . . . as then in effect." [D.E. 63, Exh. A]. This is the contractual provision that the FAA requires the Court to enforce absent a default. The Court cannot do so any longer because the designated arbitration body, the AAA, has closed and will not reopen its case. The parties' agreed-upon contractual dispute resolution mechanism, hence, is no longer possible. Plaintiff did not agree or assent to a AAA-like procedure; he agreed to a AAA-enforced procedure. Defendant's failure to comply with the contractual rules agreed to by the parties clearly constitutes a "default" as that term is used in § 3 of the FAA.

Moreover, the record shows that this default was not simply a bureaucratic error; it was instead an intentional and/or reckless act because the AAA provided repeated notices to the Defendant that timely payment of the fee had not been received. Not taking that seriously, Defendant did not try and cure that default until after the AAA closed its case. By that point, however, the AAA – exercising the rules that these parties agreed to abide by – refused to reopen the case. There is no other description the Court can find for this self-created situation other than "default."

Having defaulted on the parties' contractual rules, Defendant can no longer claim entitlement to a stay or dismissal as per § 3 of the FAA. Absent Plaintiff's agreement, which is clearly not forthcoming, Defendant has forfeited its right to proceed with arbitration, and is now bound by the normal procedures of federal law designed to remedy the statutory right cited in the pending complaint – litigation in federal court.

This was precisely the conclusion reached by another district court faced with a similar situation in *Stowell v. Toll Bros.*, 2007 WL 30316 (E.D. Pa. Jan. 4, 2007). There too the parties contractually agreed to proceed with AAA arbitration, but the employer/defendant failed to timely remit the AAA fee. The AAA, as it did here, closed its case and would not reopen it. The plaintiff then initiated litigation in federal court, in response to which the employer/defendant moved to compel arbitration. The Court, relying in part on *Sink,* denied the motion because the employer's inaction constituted a waiver of the right to proceed with arbitration and a default under section 3.

The same result, we conclude, is appropriate here. Defendant has not presented the Court with any relevant authorities that persuasively point in an opposite direction. Defendant's primary argument is that it can still proceed with the arbitration, albeit not before the AAA. That may be true, but Plaintiff contractually agreed to AAA rules and procedures, which undeniably means AAA arbitration. Plaintiff did not agree to whatever arbitration mechanism Defendant can cobble together to look like AAA arbitration. Plaintiff now cannot obtain the benefit of his bargain. And the Court will not compel him to do so in the face of Defendant's default.

*See also Youngs v. Haugh,* 2009 WL 701013 (N.D. Tex. Mar. 18, 2009) (denying motion to compel arbitration after defendant failed to participate and comply with discovery rules in earlier arbitration initiated by plaintiffs).

Accordingly, the motion to reopen the case is **GRANTED**. The motion is in effect a timely Rule 60(b) motion to vacate the Court's dismissal Order in light of changed circumstances. As the record now shows that the arbitration previously compelled is no longer possible due to Defendant's default, the Court will therefore **VACATE** its earlier Order of Dismissal [D.E. 69]. The parties shall, therefore, confer and agree upon a specially set trial date as expeditiously as possible. The Court will refer the parties to prompt mediation to see if the dispute can be resolved without further unnecessary litigation.[2]

**DONE AND ORDERED** in Chambers, Miami, Florida, this 18th day of August, 2010.

EDWIN G. TORRES
United States Magistrate Judge

---

[2] Again, it is ironic and regrettable that the total fees to date incurred in resolving the arbitration issue has likely eclipsed whatever meritorious monetary claim Plaintiff may have.